UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00519-MOC-DCK

| | | |
|---|---|---|
| **GWENDOLYN A. ADAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SUBSTITUTE TRUSTEE SERVICES, INC.,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss. Inasmuch as plaintiff is proceeding pro se, a Roseboro Order (#11) was entered and plaintiff advised that she has a right to file a written response. Within the time allowed, plaintiff filed a Response (#12), which this Court has fully considered.

### FINDINGS AND CONCLUSIONS

**I.   Background**

In a Complaint filed on August 29, 2017, plaintiff alleges in relevant part, as follows:

> Comes now I, Gwendolyn A. Adams making a claim of trespassing. The reason why I am making this claim is because I am a living being. Therefore, isn't it unconstitutional to administrate the estate of a living being? The plaintiff is unlawfully administrating my estate without due process of law. So in short, the Federal question is, isn't it unconstitutional to administrate the estate of a living being? See Scott v. McNeal, 154 U.S. 34 (1894).

Complaint (#1) at 1. Reading this allegation as broadly as possible, plaintiff appears to contend that defendant, perhaps aided by state authority, is unlawfully administering her estate in violation of the United States Constitutional because she is not dead. While the Court has attempted to read her Complaint in a light most favorable to her to state a claim under 42, United States Code, Section 1983, even that reading is unavailing as there is no such claim. The problem with such a contention comes from plaintiff's understanding of "estate." While plaintiff is quite correct that an "estate" is typically a reference to the quantum of property held by a decedent prior to their death, Black's law Dictionary 5th Ed., "estate," at 49, living people and corporations also have "estates" that either they or someone else can administer. These estates of living entities also include the property they hold. Id. There is nothing in the United States Constitution or the laws of the United States which prohibit the administration of estates of those who are living either by someone the owner of the property agrees to be the administrator or someone who through law and due process becomes the administrator, which is typically due to some incapacity.

As a viable claim is not stated in the Complaint, the court has determined that in filing this action plaintiff is attempting to collaterally attack or stop a then ongoing foreclosure action pending in Gaston County, North Carolina.[1] That foreclosure action concerned property then owned by plaintiff on Meada Street in Gastonia, North Carolina.

---

1    The Court has considered a number of documents filed by defendant in support of its Motion to Dismiss. When ruling on a motion to dismiss for failure to state a claim, a court may not consider matters outside the scope of the pleadings. Fed. R. Civ. P. 12(b)(6). However, a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies. If a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in

Based on the pleadings and exhibits, it appears that in 2001, plaintiff executed and delivered a Promissory Note ("Note") in favor of American Money Limited Liability Company ("AM LLC")in the amount of $52,925.00, which was secured by a Deed of Trust against the Meada Street property. At the time of foreclosure, the Note was held by a successor to AM LLC and defendant Substitute Trustee Services, LLC, was hired by the authorized servicer of the Note to foreclose the Note on the Meada Street property. The day after plaintiff filed this action, the Clerk of Superior Court issued an Order which allowed foreclosure of the Meada Street property. Plaintiff never appealed that Order and the property was sold at foreclosure on September 20, 2017. That sale was subsequently confirmed and the property transferred by a Trustee's Deed recorded on October 10, 2017. Thus, the foreclosure which plaintiff seeks to collaterally attack in this action is final.

**II.  Lack of Subject Matter Jurisdiction**

Even considering the Complaint as broadly as possible, plaintiff has not stated a basis for invoking this Court's subject matter jurisdiction. Clearly, plaintiff has not and cannot allege a claim under Section 1983 for the reasons discussed above. Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability

---

the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss. Synergy Fin., LLC, v. Zarro, 329 F. Supp. 2d 701, 703-04 (W.D.N.C. 2004). Here, the documents underlying the state foreclosure are necessary to understanding plaintiff's Complaint in this matter.

of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Plaintiff has failed to assert facts that could either invoke this court's federal question or diversity jurisdiction, and lacking jurisdiction, this action must be dismissed.[2] As subject matter jurisdiction is a threshold concern, the Court will not take up defendant's other reasons for dismissal.

# ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#9) is **GRANTED**, and this action is **DISMISSED** for lack of subject matter jurisdiction.

Signed: April 2, 2018

Max O. Cogburn Jr.
United States District Judge

---

[2] The Court notes that in plaintiff's Response, she argues that the state foreclosure is not final because she removed the foreclosure action to this Court. Response (#12) at ¶ 4. Nothing in this Court's docket reflects that anything that could be construed as a Notice of Removal was filed in this action. Removal of an action to federal court occurs only when a notice of removal is filed in federal court. 28 U.S.C. § 1446(a).